UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| LUIS R. BONILLA, ) | |
| ) | |
| Petitioner, ) | |
| vs. ) | No. 1:13-cv-00779-TWP-MJD |
| ) | |
| DUSHAN ZATECKY, ) | |
| ) | |
| Respondent. ) | |

**ENTRY**

Luis R. Bonilla ("Bonilla") entered a guilty plea on June 12, 2008, and was convicted in an Indiana state court of dealing in cocaine. Bonilla now seeks a writ of habeas corpus. Bonilla contends in his habeas petition that his conviction is constitutionally infirm.

**I.**

Bonilla's request to proceed *in forma pauperis* [dkt. 3] is **denied** because the filing fee was paid with the filing of the habeas petition.

**II.**

**A.**

In an attempt to Acurb delays, to prevent 'retrials' on federal habeas, and to give effect to state convictions to the extent possible under law,@ Congress, as part of the Anti-terrorism and Effective Death Penalty Act of 1996, revised several of the statutes governing federal habeas relief. *Williams v. Taylor,* 529 U.S. 362, 404 (2000). One such revision amended 28 U.S.C. ' 2244 to include a one-year statute of limitations for state prisoners seeking federal habeas relief. The statute of limitations applicable to federal habeas corpus actions "was Congress' primary

vehicle for streamlining the habeas review process and lending finality to state convictions." *Walker v. Artuz,* 208 F.3d 357, 361 (2d Cir. 2000).

Bonilla's conviction became final for statute of limitations purposes on November 17, 2009, the last day on which he could have filed a petition for a writ of certiorari from the decision of the Indiana Court of Appeals in his direct appeal. *See Griffith v. Kentucky*, 479 U.S. 314, 321 & n.6 (1987) (a conviction is "final" when the time for seeking direct review from the judgment affirming the conviction has expired). Bonilla had through November 18, 2010, in which to file his federal habeas petition. See *Fernandez v. Sternes,* 227 F.3d 977, 978 (7th Cir. 2000). Bonilla's habeas petition was filed with the clerk on May 1, 2013. *See Houston v. Lack*, 487 U.S. 266, 271 (1988) (a pro se prisoner litigant's papers are deemed to have been filed when they are placed in the hands of prison officials for mailing).

**B.**

District Courts are permitted to consider, *sua sponte,* the timeliness of a prisoner's habeas petition, but must afford the parties notice and an opportunity to be heard before acting on their own initiative to dismiss a petition as untimely. *See Day v. McDonough,* 547 U.S. 198 (2006); *U.S. v. Bendolph,* 409 F.3d 155 (3d Cir. 2005). As explained in Part II.A. of this Entry, it appears that Bonilla's habeas petition was filed after the statute of limitations expired and hence was not timely filed.

**III.**

"[H]abeas corpus has its own peculiar set of hurdles a petitioner must clear before his claim is properly presented to the district court." *Keeney v. Tamayo-Reyes,* 504 U.S. 1, 14 (1992) (O'Connor, J., dissenting) (internal citations omitted). In this case, Bonilla has encountered the hurdle produced by the one-year statute of limitations.

Bonilla shall have **through June 28, 2013**, in which to show cause why his petition for writ of habeas corpus should not be summarily dismissed as untimely.

**IT IS SO ORDERED.**

Date: 06/11/2013

Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

Distribution:

LUIS R. BONILLA
#190174
Pendleton Correctional Facility
4490 West Reformatory Road
Pendleton, IN 46064