UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| LUIS R. BONILLA, | ) |
| | ) |
| Petitioner, | ) |
| v. | )  Case No. 1:13-cv-779-TWP-MJD |
| | ) |
| DUSHAN ZATECKY, | ) |
| | ) |
| Respondent. | ) |

**Entry Discussing Petition for Writ of Habeas
Corpus and Denying Certificate of Appealability**

For the reasons explained in this Entry, the petition of Luis R. Bonilla for a writ of habeas corpus must be denied and the action dismissed with prejudice. In addition, the court finds that a certificate of appealability should not issue.

**The Petition for Writ of Habeas Corpus**

**I. Background**

The pleadings and the expanded record establish the following facts. Luis Bonilla is currently serving a 30-year sentence imposed by an Indiana state court following his 2008 conviction for dealing in cocaine. Bonilla's conviction was affirmed on appeal in *Bonilla v. State*, 907 N.E.2d 586 (Ind.Ct.App. 2009), with a petition for transfer being denied on August 19, 2009. Bonilla filed an action for post-conviction relief on June 11, 2012. The post-conviction petition was withdrawn without prejudice on April 25, 2013. This action followed. It was filed with the clerk on May 13, 2013, having been signed by Bonilla on May 1, 2013.

**II. Discussion**

"We live in a world of deadlines." *Spears v. City of Indianapolis,* 74 F.3d 153, 157 (7th Cir.

1996). In an attempt to Acurb delays, to prevent 'retrials' on federal habeas, and to give effect to state convictions to the extent possible under law,@ Congress, as part of the Anti-terrorism and Effective Death Penalty Act of 1996, revised several of the statutes governing federal habeas relief. *Williams v. Taylor*, 529 U.S. 362, 404 (2000). Subject to exceptions not applicable here, one such provision provides that "a state prisoner has one year to file a federal petition for habeas corpus relief, starting from 'the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review.'" *Wood v. Milyard*, 132 S. Ct. 1826, 1831 (2012)(quoting 28 U.S.C. § 2244(d)(1)(A)). "The one-year clock is stopped, however, during the time the petitioner's 'properly filed' application for state postconviction relief 'is pending.'" *Day v. McDonough,* 547 U.S. 198, 201 (2006) (quoting 28 U.S.C. § 2244(d)(2)).

Bonilla's conviction was final for habeas corpus purposes on November 17, 2009, which was 90 days after the Indiana Supreme Court denied Bonilla's petition to transfer on August 19, 2009. *Gonzalez v. Thaler,* 132 S. Ct. 641, 653–54 (2012)("[T]he judgment becomes final . . . when the time for pursuing direct review . . . expires."). This gave Bonilla through November 18, 2010, in which to file a federal petition for writ of habeas corpus. Bonilla's habeas petition was filed more than two years after the statute of limitations expired. The later post-conviction litigation has no effect on the statute of limitations computation. *Teas v. Endicott,* 494 F.3d 580 (7th Cir. 2007)(the fact that the state courts entertained a collateral attack on prisoner's conviction more than one year after the expiration of the one year time limit does not "re-start" the statute of limitations under § 2244(d)); *Fernandez v. Sternes*, 227 F.3d 977, 978-79 (7th Cir. 2000) (explaining that it is illogical to toll a limitations period that has already passed). Therefore, Bonilla's petition was not timely filed.

"[T]he timeliness provision in the federal habeas corpus statute is subject to equitable tolling." *Holland v. Florida,* 130 S. Ct. 2549, 2554 (2010). Bonilla invokes the doctrine of equitable tolling "based on his lack of understanding of the [E]nglish language and a misunderstanding with appellate counsel."

"Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo,* 544 U.S. 408, 418 (2005). "There are no bright lines in determining whether equitable tolling is warranted in a given case." *Pabon v. Mahanoy,* 654 F.3d 385, 399 (3d Cir. 2011). In *Holland,* the Supreme Court emphasized that in considering whether there could be equitable tolling, courts should favor flexibility over adherence to mechanical rules. 130 S. Ct. at 2563. In this regard, "the particular circumstances of each petitioner must be taken into account," *Pabon,* 654 F.3d at 399, and each decision made on a "case-by-case basis." *Holland,* 130 S. Ct. at 2563 (quoting *Baggett v. Bullitt,* 377 U.S. 360, 375 (1964)).

Bonilla invokes the doctrine of equitable tolling based on his contention that he thought appellate counsel had promptly filed a petition for post-conviction relief. In *Maples v. Thomas*, 132 S. Ct. 912 (2012), the Supreme Court held that post-conviction counsels' abandonment excused Maples' procedural default. Specifically, Alabama counsel asserted that his only involvement would be to serve as local counsel as a formality and Maples' other two attorneys departed their New York law firm in the summer of 2002 without seeking the Alabama trial court's leave to withdraw. *Id.* at 916. In May 2003, the trial court denied Maples' petition for post-conviction relief and the clerk mailed copies of the order to local counsel and Maples' other two attorneys at their former New York law firm, which were then returned unopened to the

Alabama clerk of court. No timely notice of appeal was filed on Maples' behalf. The Supreme Court explained: "[A]n attorney's negligence, for example, miscalculating a filing deadline, does not provide a basis for tolling a statutory time limit." *Id.*, at 923, citing *Holland* at 2567. The Supreme Court then observed:

> Through no fault of his own, Maples lacked the assistance of any authorized attorney during the 42 days Alabama allows for noticing an appeal from a trial court's denial of postconviction relief. As just observed, he had no reason to suspect that, in reality, he had been reduced to pro se status. Maples was disarmed by extraordinary circumstances quite beyond his control. He has shown ample cause, we hold, to excuse the procedural default into which he was trapped when counsel of record abandoned him without a word of warning.

*Maples,* 132 S. Ct. at 927.

In *Modrowski v. Mote*, 322 F.3d 965 (7th Cir. 2003), the petitioner's attorney claimed that a series of physical and mental maladies prevented him from completing the petition and filing it on time. The district court rejected this argument and dismissed Modrowski's petition as untimely. In affirming the district court's dismissal of the § 2254 petition as untimely, the Seventh Circuit held that "attorney incapacity is equivalent to attorney negligence for equitable tolling purposes." *Modrowski* further explained that:

> Nonetheless, we hold the prisoner responsible for his attorney's bungling. Likewise, a prisoner cannot prevent his attorney from becoming incapacitated, and there is no reason, however unfortunate the result, not to hold the prisoner responsible in this type of situation, as well.

*Modrowski*, 322 F.3d at 968. Similarly, Bonilla is responsible for ensuring that his petition was filed. His failure to do so resulted in the filing of an untimely federal petition. "Attorney negligence, including a miscalculation of a filing deadline, is not a sufficient basis for applying equitable tolling of the § 2244(d)(1) limitation period." *Porter v. Ollison,* 620 F.3d 952, 959 (9th Cir. 2010).

Furthermore, Bonilla argues that "he suffers a severe disadvantage in his language barrier where he speaks very limited English." However, all of Bonilla's filings with this court are clear and concise and do not evidence an impediment that would have prevented him from filing a timely petition for writ of habeas corpus.

The circumstances surrounding Bonilla's failure to file a timely federal habeas petition do not support application of the doctrine of equitable tolling. Accordingly, the AEDPA's 1-year statute of limitations requires dismissal of Bonilla's petition.

**III. Conclusion**

"[H]abeas corpus has its own peculiar set of hurdles a petitioner must clear before his claim is properly presented to the district court." *Keeney v. Tamayo-Reyes,* 504 U.S. 1, 14 (1992) (O'Connor, J., dissenting) (internal citations omitted). In this case, Bonilla has encountered the hurdle produced by the 1-year statute of limitations. He has not shown the existence of circumstances permitting him to overcome this hurdle, and hence is not entitled to the relief he seeks. His petition for a writ of habeas corpus is therefore dismissed as untimely without a decision being made as to the merits of his claims. *See Bachman v. Bagley,* 487 F.3d 979, 982 (6th Cir. 2007).

Judgment consistent with this Entry shall now issue.

**Certificate of Appealability**

Pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the *Rules Governing ' 2254 Proceedings*, and 28 U.S.C. ' 2253(c), the court finds that Bonilla has failed to show that reasonable jurists would find it Adebatable whether [this court] was correct in its procedural ruling.@ *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The court therefore denies a certificate of appealability.

IT IS SO ORDERED.

Date: 05/14/2014

Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

Distribution:

Luis R. Bonilla
No. 190174
PENDLETON CORRECTIONAL FACILITY
Inmate Mail/Parcels
4490 West Reformatory Road
PENDLETON, IN 46064

Electronically Registered Counsel